## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HAROON I. HAMEED,<br><br>    *Plaintiff*,<br><br> v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, *et al.*,<br><br>    *Defendants*. | No. 25-cv-4117 (DLF) |

### MEMORANDUM OPINION AND ORDER

Haroon Hameed, proceeding *pro se*, brings this suit against the U.S. Department of Health and Human Services (HHS), the Centers for Medicare & Medicaid Services (CMS), and their respective agency heads. Compl. 1, Dkt. 1. Before the Court is Hameed's Motion for a Preliminary Injunction. Pl.'s Mot., Dkt. 2. For the following reasons, the Court will deny the motion.

### I.     BACKGROUND

The Court will highlight only the facts necessary for its ruling. Hameed works as a physician in Maryland. Compl. ¶ 5. On September 10, 2025, the Administrator of the Drug Enforcement Administration (DEA) issued a final Decision and Order revoking his registration, which had allowed him to prescribe certain federally controlled substances. *See* Pl.'s Mot., Ex. H, Dkt. 2-2; Defs.' Opp'n 2 & n.1, Dkt. 10. Hameed appealed that revocation to the U.S. Court of Appeals for the D.C. Circuit. Compl. ¶ 20. Based on the revocation of his DEA registration, on November 5, 2025, CMS issued a notice revoking Hameed's Medicare billing privileges pursuant to a Medicare regulation, *id.* ¶ 23; Defs.' Opp'n, Ex. A, Dkt. 10-1, which provides that "CMS may

revoke a currently enrolled provider or supplier's Medicare enrollment" when "[a] physician or other eligible professional's Drug Enforcement Administration (DEA) Certificate of Registration to dispense a controlled substance is currently suspended or revoked or is surrendered in response to an order to show cause," 42 C.F.R. § 424.535(a)(13)(i).

The notice from CMS stated that Hameed's Medicare billing privileges would be revoked on December 5, 2025, and that he had the right to "request a reconsideration of this determination." Defs.' Opp'n, Ex. A 1–2. That reconsideration would be an "independent review conducted by a person not involved in the initial determination." *Id.* at 2. In his reconsideration request, Hameed was instructed to "[s]tate the issues or findings of fact with which you disagree and the reasons for disagreement" and invited to "[s]ubmit additional information with the reconsideration that may have a bearing on the decision." *Id.* at 2–3. He submitted his reconsideration request the same day he received the CMS notice on November 5, 2025. Compl. ¶ 26.

Having not received any confirmation from CMS that it had received his reconsideration request, Hameed filed suit on November 24, 2025, *id.* at 1, along with a motion for a temporary restraining order or preliminary injunction, Pl.'s Mot. 1.

He brings three claims, two under the Administrative Procedure Act (APA) and one under the Fifth Amendment's Due Process Clause. In the two APA counts, Hameed claims that CMS violated the Administrative Procedure Act by (1) basing its revocation decision on a "nonfinal DEA order"; (2) failing to process his reconsideration request; and (3) withholding a "formal Acknowledgement Letter" for his reconsideration request. Compl. ¶¶ 27, 35, 36, 39. He also claims that the defendants violated the Due Process Clause by (1) refusing to process his reconsideration request in a timely fashion and (2) basing the revocation decision on "unadjudicated allegations contradicted by state regulators." *Id.* ¶¶ 37–38. Absent an injunction,

Hameed alleges that he will lose the ability to treat Medicare patients; his ability to practice will be severely restricted; his professional reputation will be severely damaged; and he will suffer financial losses.  *Id.* ¶ 33.

In terms of relief, Hameed seeks (1) an order enjoining the defendants "from enforcing the December 5, 2025 Medicare revocation until CMS issues a lawful reconsideration decision" and maintaining his privileges until then; (2) a declaration that "CMS's reliance on a nonfinal DEA order is arbitrary and capricious"; and (3) an order requiring "CMS to promptly issue the Reconsideration Acknowledgement Letter and process [his] appeal."  *Id.* at 7.

Since Hameed filed his suit and motion for preliminary relief, the facts have developed. First, CMS agreed to delay the revocation of his Medicare billing privileges from December 5, 2025, until February 3, 2026.  Defs.' Opp'n 3–4.  Next, on December 1, 2025, CMS sent Hameed an email confirming receipt of his reconsideration request and noting that the agency had 90 days to render a decision and that Hameed could continue to "submit additional information / documentation until a decision is issued."  Defs.' Opp'n, Ex. B, Dkt. 10-2; *see* Pl.'s Reply Br. 6, Dkt. 12.

## II.    LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).  To prevail, a party seeking preliminary injunctive relief must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." *League of Women Voters of the U.S. v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (citation modified).

III.    ANALYSIS

Hameed is unlikely to succeed on the merits of his claims as alleged in his Complaint. First, to the extent that he asks this Court to review the merits of the CMS revocation, the Court likely lacks jurisdiction to do so at this stage.  Hameed must first exhaust "the statutorily prescribed administrative process" required by the Medicare Act before seeking judicial review of the revocation of his billing privileges.  *Arriva Med. LLC v. U.S. Dep't of Health & Hum. Servs.*, 239 F. Supp. 3d 266, 278 (D.D.C. 2017); *see id.* (citing 42 U.S.C. §§ 405(h), 1395ii); *see also Porzecanski v. Azar*, 943 F.3d 472, 481 (D.C. Cir. 2019) ("§ 405(h)'s bar on judicial review, as modified by § 405(g), 'demands the channeling of virtually all legal attacks through the agency.'" (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000))); *Robie v. Price*, 17-cv-3089, 2017 WL 3188572, at *3 (S.D. W. Va. July 26, 2017) ("Federal courts are barred from reviewing . . . the revocation of a physician's Medicare billing privileges, unless there has been a final decision by the Secretary.").  And despite his conclusory assertions to the contrary, *see* Pl.'s Reply Br. 4–5, Hameed has not shown that judicial review is unavailable such that this Court can exercise federal question jurisdiction, *see Am. Chiropractic Assan, Inc. v. Leavitt*, 431 F.3d 812, 816 (D.C. Cir. 2005); *Arriva Med. LLC*, 239 F. Supp. 3d at 278 (citing *Council for Urological Interests v. Sebelius*, 668 F.3d 704, 707–08 (D.C. Cir. 2011)).

The administrative process includes reconsideration of the initial determination, 42 C.F.R. §§ 498.22–498.25, review by an Administrative Law Judge (ALJ), *id.* §§ 498.40–498.79, and review of any ALJ decision by the Departmental Appeals Board, *id.* §§ 498.80–498.95.  *See also Arriva Med. LLC*, 239 F. Supp. 3d at 286–87 (reviewing pre- and post-deprivation procedural safeguards).  Only after exhausting this administrative process may Hameed seek review of the revocation decision in federal court.  *See Porzecanski*, 943 F.3d at 482 ("Postponing judicial

review would delay—but not deprive—Porzecanski of access to federal court."). And "[i]f at any time the revocation is reversed, [Hameed] will receive retroactive payment for claims [he] submitted in the interim." *Arriva Med. LLC*, 239 F. Supp. 3d at 287 (citing 42 C.F.R. § 424.545(a)(2)). *Contra* Compl. ¶ 33 ("Financial losses will not be recoverable due to sovereign immunity.").

Second, Hameed's procedural due process claim is likely moot because the defendants are already providing the process he seeks. To start, the Court likely has jurisdiction over a "collateral" constitutional claim seeking additional pre-deprivation process under *Mathews v. Eldridge*, 424 U.S. 319 (1976), and related cases. *See Arriva Med. LLC*, 239 F. Supp. 3d at 278–79. But even if the Court construes Hameed's Fifth Amendment claim as a collateral constitutional claim, the claim appears to be moot. In his complaint and motion, Hameed's allegations and arguments focus on CMS's lack of responsiveness to his request for reconsideration. He does not appear to contend that the reconsideration process itself is inadequate, only that it is being withheld by the defendants. Specifically, he alleges that "CMS has failed to provide due process by refusing to acknowledge or process the Reconsideration Request." Compl. ¶ 30. In support of his motion, Hameed contends that "CMS's failure to issue a Reconsideration Acknowledgement Letter—despite multiple communications—denies [him] access to the mandatory ALJ appeal process, violating the Fifth Amendment," Pl.'s Mem. of Law 10, Dkt. 2-1, and that CMS violated his Fifth Amendment Due Process rights by "refusing to process [his] reconsideration request," *id.* at 16.

But as stated above, after Hameed filed his complaint and moved for preliminary relief, CMS sent him an email confirming receipt of his reconsideration request and stating that it would conduct the reconsideration process and issue a decision. *See* Defs.' Opp'n, Ex. B. In other words, the process Hameed seeks is now underway. Upon reconsideration, CMS might reverse its initial

determination, or it may not, in which case Hameed can promptly undertake the "ALJ appeal process." Pl.'s Mem. of Law 10.

Courts have consistently declined "to supplement the Medicare scheme with additional pre-deprivation procedures." *Arriva Med. LLC*, 239 F. Supp. at 287 (citing cases). But to the extent Hameed seeks any *additional* process beyond that which he is being afforded now, he may file a renewed motion. Should he do so, he will have to meet the D.C. Circuit's "high standard" for irreparable harm, *id.* at 281 (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)), and provide evidentiary support for any alleged financial losses, *see id.* at 281–83.

For the foregoing reasons, it is

**ORDERED** that the plaintiff's Motion for Preliminary Injunction, Dkt. 2, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

_____
DABNEY L. FRIEDRICH
United States District Judge

January 8, 2026