**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HAROON I. HAMEED,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>*Defendants*. | No. 25-cv-04117 (DLF) |

**MEMORANDUM OPINION**

Haroon Hameed, proceeding *pro se*, brings this suit against the U.S. Department of Health and Human Services, the Centers for Medicare & Medicaid Services, and their respective agency heads (collectively, CMS) alleging violations of the Administrative Procedure Act (APA) and Fifth Amendment. *See generally* Compl. 1, Dkt. 1. Before the Court is CMS's motion to dismiss, Dkt. 11. For the reasons that follow, the Court will grant the motion.

## I. BACKGROUND

Hameed is a physician who practices medicine in Maryland. Compl. ¶ 5. On November 5, 2025, CMS notified Hameed that it was revoking Medicare billing privileges, effective December 5, 2025, because the DEA had revoked Hameed's registration to prescribe federally controlled substances.[1] Compl. ¶ 23; Defs.' Mot. to Dismiss (Defs.' Mot.), Ex. A, Dkt. 11-1. The notice invoked 42 C.F.R. § 424.535(a)(13)(i), which allows CMS to revoke a physician's Medicare

[1] Hameed separately sought review of the DEA's revocation decision in the U.S. Court of Appeals for the D.C. Circuit, Compl. ¶ 20, which denied his petition, *Hameed v. DEA*, No. 25-1192, 2026 WL 2056171, at *1 (D.C. Cir. July 16, 2026). *See also Hameed v. Cole*, No. 25-cv-1588 (posted September 29, 2026) (dismissing Hameed's APA unreasonable-delay claim as moot and his due process claim for lack of subject-matter jurisdiction).

enrollment and attendant billing privileges when his DEA registration "is currently suspended or revoked." 42 C.F.R. § 424.535(a)(13)(i). Although Hameed was advised that he had 65 days to seek reconsideration, he submitted his request on November 5, 2025, the same day he received the notice. Defs.' Mot., Ex. A at 1–2; Compl. ¶ 26. On November 24, 2025—nineteen days after requesting reconsideration—Hameed filed this action along with a motion for a temporary restraining order or preliminary injunction, Dkt. 2, which the Court denied, Mem. Op. of Jan. 8, 2026.

The complaint alleges two claims under the APA: (1) that CMS acted arbitrarily and capriciously by revoking his Medicare enrollment based on a "nonfinal DEA order" and (2) that CMS unlawfully withheld and unreasonably delayed administrative action by failing to acknowledge and process his reconsideration request, in violation of the APA. Compl. ¶¶ 27, 35, 36, 39. It further alleges that CMS violated the Due Process Clause of the Fifth Amendment both by refusing "to timely process [Hameed's] reconsideration" request and for basing its revocation decision on "unadjudicated allegations contradicted by state regulators." *Id.* ¶¶ 37–38.

On December 1, 2025, CMS sent Hameed an email confirming receipt of his reconsideration request, noting that the agency had 90 days to render a decision, and advising Hameed that he could continue to "submit additional information / documentation" up until a decision was issued. Defs.' Mot., Ex. B, Dkt. 11-2. Relying in part on that confirmation, the Court denied preliminary relief. Mem. Op. of Jan. 8, 2026, at 5. It found that Hameed was unlikely to succeed in challenging the revocation because he had not exhausted his administrative remedies and concluded that his delay claim was likely moot because CMS was already providing the requested process. *Id.*

The administrative proceedings have since progressed. On February 3, 2026, a CMS hearing officer issued a reconsidered determination upholding the revocation. *See Hameed v. CMS*, DAB CR6883, at 3 (HHS Apr. 22, 2026). Hameed then requested review by an HHS administrative law judge, who affirmed CMS's revocation decision in a written opinion issued April 22, 2026. *Id.* at 1.

CMS has moved to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), Dkt. 11. That motion is now fully briefed and ripe for resolution.

## II. LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal law empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). Nonetheless, the burden is on the plaintiff to establish subject-matter jurisdiction. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). And the court "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" to "assure itself of its own subject matter jurisdiction." *Settles v. U.S. Parole Com'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (internal quotation marks omitted). A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Federal courts lack subject-matter jurisdiction to hear claims that are moot. *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013). "A case is moot when a party has already obtained all the relief that it has sought." *Schnitzler v. United States*, 761 F.3d 33, 37 (D.C. Cir. 2014) (internal quotation marks omitted). Further, "the mootness doctrine requires a federal court to refrain from deciding [a case] if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *AstraZeneca Pharms. LP v. FDA*, 713 F.3d 1134, 1138 (D.C. Cir. 2013) (internal quotation marks omitted).

## III. DISCUSSION

### A. Administrative Procedure Act

Hameed asserts two claims under the APA. The first challenges the substance of CMS's decision to revoke his Medicare enrollment; the second challenges CMS's alleged delay in processing his reconsideration request. This Court lacks jurisdiction to hear either.

The Medicare Act incorporates the Social Security Act's judicial-review provisions, including 42 U.S.C. § 405(h). *See* 42 U.S.C. § 1395ii. Section 405(h) divests federal courts of "federal question jurisdiction on any claim arising under the Medicare Act," limiting judicial review to "final decision[s]" of the Secretary under § 405(g). *Porzecanski v. Azar*, 943 F.3d 472, 481 (D.C. Cir. 2019); *see also* 42 U.S.C. § 1395ff(b)(1)(A). This framework thus "demands the 'channeling' of virtually all [Medicare-related] legal attacks through the agency." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000); *see id.* at 12–13 (explaining that channeling extends "beyond ordinary administrative law principles of ripeness and exhaustion of administrative remedies" in order to "assure[] the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different

individual courts") (internal quotation marks omitted). Accordingly, a physician challenging the revocation of his Medicare enrollment must first exhaust "the statutorily prescribed administrative process." *Arriva Med. LLC v. HHS*, 239 F. Supp. 3d 266, 278 (D.D.C. 2017); *see also Robie v. Price*, No. 17-cv-3089, 2017 WL 3188572, at *3 (S.D.W. Va. July 26, 2017) ("Federal courts are barred from reviewing . . . the revocation of a physician's Medicare billing privileges, unless there has been a final decision by the Secretary.").

The administrative review process here includes reconsideration by CMS, review by an HHS administrative law judge, and review by the Departmental Appeals Board. *See* 42 C.F.R. §§ 498.22–498.25, 498.40–498.79, 498.80–498.95. When Hameed filed this action on November 24, 2025, he had completed none of those steps. Indeed, Hameed had requested reconsideration by CMS—the first step in the administrative process—just nineteen days before he filed suit. *See* Compl. ¶ 26. Hameed has since obtained reconsideration by CMS and review by an HHS administrative law judge, but the record does not show that the Departmental Appeals Board has reviewed his challenge or that he has otherwise completed the administrative process. *See Hameed*, DAB CR6883, at 1, 3. Because Hameed failed to exhaust the administrative process before filing suit, the Court lacks jurisdiction to review CMS's revocation decision, *see Porzecanski*, 943 F.3d at 480–82, which Hameed alleges is "arbitrary, capricious, and contrary to law," Compl. ¶ 35 (citing 5 U.S.C. § 706).

Hameed's argument that exhaustion would deprive him of meaningful judicial review is unpersuasive. Section 405(h) requires plaintiffs to channel claims through the administrative process unless doing so would result in the "*complete* preclusion of judicial review." *Ill. Council*, 529 U.S. at 23. Mere delay, inconvenience, or cost does not suffice. *See id.* at 22–23; *see also Porzecanski*, 943 F.3d at 481–82 ("A party may not circumvent the channeling requirement by

showing merely that postponement of judicial review would mean added inconvenience or cost in an isolated, particular case.") (internal quotation marks omitted). Hameed is eligible to pursue administrative review, and he has done so. Compl. ¶¶ 8, 26, 39. His challenges to CMS's reliance on the DEA's decision, treatment of his Maryland medical license and controlled-substances registration, and underlying factual findings go to the merits of the revocation decision and may be raised through the administrative review process. *See Hameed*, DAB CR6883, at 6–7.

Hameed's other APA claim, which alleges that CMS unreasonably delayed acknowledging and processing his reconsideration request, is moot. Compl. ¶¶ 36, 39. The APA permits a court to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), but once the agency performs the action sought, "the issue of regulatory delay will be moot and beyond [the court's] effective power to remedy," *Potomac Elec. Power Co. v. ICC*, 702 F.2d 1026, 1035 (D.C. Cir. 1983). CMS acknowledged Hameed's reconsideration request on December 1, 2025, and subsequently issued a reconsidered determination. An HHS administrative law judge then reviewed and affirmed that determination. Hameed has therefore received the agency action that he alleges CMS unlawfully withheld, and identifies no other action that remains unlawfully withheld or unreasonably delayed. Accordingly, Hameed's § 706(1) claim is moot.

**B. Due Process**

Hameed's due process claims fare no better. He characterizes his principal claim as a "collateral" constitutional challenge to the procedures CMS used to revoke his Medicare enrollment. *See* Pl.'s Opp'n 3, Dkt. 12. But his claim that CMS improperly relied on the DEA's revocation decision without adequately considering evidence concerning his medical license and state registration, *see* Compl. ¶¶ 21–25, 30; Pl.'s Opp'n 3–4, challenges the factual and legal bases for the revocation itself, not merely the procedures CMS used to reach it. And although Hameed

labels his claim procedural, § 405(h)'s channeling requirement turns on whether the claim arises under the Medicare Act, not whether it is characterized as procedural or substantive. *Row 1 Inc. v. Becerra*, 92 F.4th 1138, 1145–46 (D.C. Cir. 2024); *Porzecanski*, 943 F.3d at 480–82. Here, "at bottom," Hameed seeks substantive relief from CMS's revocation decision: He asks the Court to prevent CMS from revoking his Medicare enrollment and to require CMS to maintain that enrollment. *See Row 1*, 92 F.4th at 1145–46; Compl. at 7.

Hameed appears to allege a separate Fifth Amendment violation based on CMS's alleged failure to "timely process" his November 5, 2025 reconsideration request. Compl. ¶¶ 26–30, 37. But since filing this action, Hameed has received the very process he alleges CMS withheld—acknowledgment of his request, a reconsideration decision, and review by an HHS ALJ. *See Conservation Force*, 733 F.3d at 1204–05. Because the complaint seeks only declaratory and injunctive relief and the alleged delay has ended, there is no further relief the Court can grant on this claim. *See id.* It is therefore moot.

**CONCLUSION**

For the reasons stated, the defendants' motion to dismiss, Dkt. 11, is granted. A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

September 29, 2026